IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CV-343-MOC-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 2019 DODGE CHALLENGER R/T ) <br> seized from Terrence Antonio Lucas ) <br> on or about July 1, 2021, ) <br> in Buncombe County, North Carolina, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

This matter is before the court on the Government's Motion for Interlocutory Sale (the "Motion for Sale," Doc. 10) and claimant Quintania Gregg's Motion for Leave to Supplement Response to Motion for Interlocutory Sale (the "Motion for Leave to Supplement," Doc. 17).

I. Relevant Background

The Government filed its Complaint on November 24, 2021, seeking the forfeiture of a 2019 Dodge Challenger R/T, Vehicle Identification Number 2C3CDZFJ5KH662360 (the "Vehicle"). Doc. 1. The Government states that law enforcement seized the Vehicle from Terrence Antonio Lucas on or about July 1, 2021 in Buncombe County, North Carolina. The Government alleges that

1

the registered owner of the Vehicle, Quintania Gregg ("Gregg"), is Lucas's girlfriend but that Lucas was the actual purchaser of the Vehicle. Doc. 1 at ¶ 17.

On December 15, 2021, Ally Bank ("Bank") responded to the Government's Complaint. Doc. 3.

On December 29, 2021, Gregg filed a verified claim stating that at all relevant times she was the sole owner of the Vehicle. Doc. 4. Gregg also filed an answer to the Government's Complaint. Doc. 5.

On May 17, 2022, the Bank filed a verified claim, stating that at all relevant times it has held a perfected purchase money security interest in the Vehicle. Doc. 13.

## II. The Motion for Sale

On May 5, 2022, the Government filed its Motion for Sale along with a supporting memorandum of law. Docs. 10, 11.

The Bank filed a response in support of the Government's position, Gregg filed a response in opposition, and the Government replied. Docs. 12, 14, 16.

On June 2, 2022, the undersigned conducted an initial pretrial conference with counsel for the parties and heard argument on the Motion for Sale.

Later that day, Gregg filed her Motion for Leave to Supplement, Doc. 17, to which the Bank has filed a response. Doc. 20.

### III. Discussion

Supplemental Rule G(7)(b)(i) of the Federal Rules of Civil Procedure authorizes a court to order an interlocutory sale of property in a civil forfeiture action for several reasons, including if the property is "at risk of deterioration, decay, or injury by being detained in custody pending the action," "the expense of keeping the property is excessive or is disproportionate to its fair market value," "the property is subject to a mortgage…on which the owner is in default," or "the court finds other good cause." Supp. Rule G(7)(b)(i)(A)-(D). Such a sale is to be made by a "United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supp. Rule G(7)(b)(ii). Proceeds from the sale are deposited in an interest-bearing account pending conclusion of the forfeiture action and are treated as a "substitute res subject to forfeiture in place of the property that was sold." Supp. Rule G(7)(b)(iv).

For purposes of the pending motions, the information provided by the parties, both in their filings and during the hearing, indicates as follows.

Gregg purchased the Vehicle in June 2020 and financed it through the Bank, which is listed as the first lienholder on the title. See Doc. 12 at 1.

In its filing of May 9, 2022, the Bank stated that the monthly payments were past due since August 2021, that the payoff amount was $11,740.78, and that finance charges were continuing to accrue at the rate of 9.89% per annum, or $2.93 per day. Doc. 12 at 1.

The Vehicle's value is estimated to be between approximately $33,000 and $41,000; the Bank states that the "Black Book" wholesale value is between $32,925 and $40,925, though the value is depreciating daily, and a declaration of a representative of the United States Marshals Service suggests the Vehicle has an estimated appraised value of $35,875. Doc. 12 at 1; Doc. 11-1 at 2.

The Vehicle has been in the custody of the United States Marshals Service since August 9, 2021. Doc. 8; Doc. 11-1.

As of early May 2022, expenses for the storage and maintenance of the Vehicle exceeded $2,695.75 and those costs continue to rise.[1]

The Government argues that the court should authorize the immediate sale of the Vehicle; otherwise, in view of the accumulating finance charges and storage costs and the depreciation of the Vehicle, by the time the case is tried, any equity in the Vehicle will be significantly reduced.

---

[1] During the hearing, the Government indicated that the storage costs had risen to $3,238.25.

4

The Bank supports the Government's motion, believing that a sale would protect the Bank's interest and the interest of the Government and would also be in the best interest of Gregg.

Gregg opposes the Motion for Sale, arguing in part that used automobiles are rapidly increasing in value at the present time. In her written response to the Motion for Sale, Gregg stated that she "remains ready, willing and able to make payments under her loan with Ally Bank, and will be doing so…." Doc. 14 at 4.

During the hearing, the Government acknowledged that if Gregg were to bring the debt current, the Motion for Sale would be less compelling, though the Government would continue to argue that an interlocutory sale should be authorized, as it would have no guarantee that Gregg would continue making payments. It also noted the accruing storage costs and argued that the high demand in the used car market was unlikely to continue.

During the hearing, Gregg's counsel indicated he did not know if any payment on the loan had been made by Gregg recently, but that Gregg could make some payments and that she wanted to comply with her obligations to the Bank.

After the hearing, Greg filed the Motion for Leave to Supplement along with a supplemental response to the Motion for Sale and a receipt indicating

5

that, after the hearing, the Bank accepted a payment from Gregg in the amount of $221.50 toward her "finance agreement." Doc. 17-1; 17-2.

In a response to the Motion for Leave to Supplement, the Bank states that although Gregg did make a single payment of $221.50 on June 2, 2022, she remains in default under her contract for the September 19, 2021 payment forward. Doc. 20.

A decision whether to authorize the interlocutory sale of a vehicle in a forfeiture case is left to the discretion of the court. See U.S. v. Real Properties Situated at 105 Graff Lane, Quarry Creek, Charleston, Kanawha County, West Virginia, No. 2:10-cv-00992, 2011 WL 5975820, at *1 (S.D. W. Va. Nov. 28, 2011) ("Rule G(7) affords the district court a wide degree of latitude in making the decision of whether or not to order interlocutory sale") (citing United States v. Approx. 81,454 Cans of Baby Formula, 560 F.3d 638, 641 (7th Cir. 2009) (district court's discretion under Supplemental Rule G(7) is "considerable")); United States v. One 2014 Rolls Royce Phantom Automobile, 461 F.Supp.3d 1, 2 (D.D.C. 2018) ("the Court is entitled to "considerable discretion" in choosing "what factors to consider, and what weight to give them" when considering an interlocutory sale) (citing Approx. 81,454 Cans of Baby Formula, 560 F.3d at 641).

6

While it is possible that the overall value of the Vehicle may remain steady or even increase in the current used car market, there is no guarantee that those market conditions will persist. Further, notwithstanding the statements in her response to the Government's Motion for Sale, Gregg has not brought the debt on the Vehicle current, such that interest charges and storage costs continue to accrue.

Accordingly, having considered the Motion for Sale, including the written submissions of the parties and their arguments during the hearing, the undersigned concludes that a sale of the Vehicle is appropriate. See e.g., United States v. One 2010 Dodge Ram, No. SAG-14-1065, 2015 WL 685208, at *1 (D. Md. Feb. 18, 2015) (ordering interlocutory sale when the vehicle "incur[red] substantial storage costs" and was "depreciating in value"); United States v. Hailey, No. 11-CR-0540-WDQ, 2011 WL 6202787, at *1 (D. Md. Dec. 8, 2011) ("The Court finds that the Government's desire to avoid storage costs...and the risk of depreciation in value...constitute 'good cause' for the interlocutory sale of the personal property..."); United States v. 2003 BMW X5 SUV, No. WDQ-14-0912, 2015 WL 845661, at *1 (D. Md. Feb. 24, 2015) (ordering interlocutory sale of vehicle where vehicle was vehicle was "continually decreasing in value").

7

Case 1:21-cv-00343-MOC-WCM   Document 21   Filed 06/21/22   Page 7 of 9

**IT IS THEREFORE ORDERED THAT:**

1. Claimant Quintania Gregg's Motion for Leave to Supplement Response to Motion for Interlocutory Sale (Doc. 17) is **GRANTED** and Gregg is **GIVEN LEAVE** to file her additional materials (Docs. 17-1 and 17-2), which the court has considered.

2. The Government's Motion for Interlocutory Sale (Doc. 10) is **GRANTED** as follows:

   a. Pursuant to Rule G(7)(b) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States may sell, by commercially feasible means, the 2019 Dodge Challenger R/T, VIN 2C3CDZFJ5KH662360.

   b. The Government may, in its sole discretion, reject any offer to purchase the vehicle, where it determines that the offer is being made by, or on behalf of, a person involved in the alleged criminal activity described in the Government's Complaint.

c. The net proceeds of the sale are to be deposited into an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.

Signed: June 17, 2022

W. Carleton Metcalf
United States Magistrate Judge